**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Winkler, | No. CV-20-08248-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| GM Law Firm LLC, et al., | |
| Defendants. | |

Plaintiff Brian Winkler and Defendants GM Law Firm, LLC ("GM Law Firm"), Chantel L. Grant, National Legal Staffing Support, LLC ("NLSS"), Gregory Fishman, and Resolvly, LLC ("Resolvly") have jointly filed a motion requesting "that the Court permit Plaintiff to amend his Complaint (Doc. 1) by dismissing claims against certain defendants," such that Count Two would be dismissed as to Grant and Defendant Kevin Mason and Count Four would be dismissed as to all defendants except GM Law Firm. (Doc. 16 at 1.) The moving parties submitted a proposed order which would have the Court order dismissals "pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure." (Doc. 16 at 3.) No defendant would be entirely dismissed from this action pursuant to the joint motion.

Rule 41(a) applies only to voluntary dismissal of "an action," not to certain claims within an action. "[A] plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). "Federal Rule of Civil Procedure 15(a) is the appropriate

mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Id.* (internal quotation marks omitted); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (district court should treat a piecemeal withdrawal of claims as a motion to amend the complaint).

To the extent that the joint motion can be construed as a motion for leave to amend the complaint, rather than a stipulation of dismissal pursuant to Rule 41(a), the motion is denied without prejudice for failure to comply with LRCiv 15.1. Moreover, it appears that Plaintiff can amend without seeking the Court's leave, either as a matter of course or with the opposing parties' written consent. Fed. R. Civ. P. 15(a). An amendment accomplished by either of these means must be filed alongside a notice of filing pursuant to LRCiv 15.1(b), which must clearly indicate whether it is filed pursuant to Rule 15(a)(1)(B) or Rule 15(a)(2), and if it is the latter, it must include the certification required by LRCiv 15.1(b).

Accordingly,

**IT IS ORDERED** that the parties' joint motion (Doc. 16) is **denied**.

Dated this 30th day of November, 2020.

Dominic W. Lanza
United States District Judge